**FILED**

APR 17 2008

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## JUDICIAL DISTRICT OF COLUMBIA

LAWRENCE WILLIAMS, #25599-013,
FT. WORTH - FCC
POB 15330
FORT WORTH, TX. 76119
          Petitioner/Plaintiff,

vs.

ALBERTO GONZALES, ATTORNEY GENERAL
FOR THE "UNITED STATES OF AMERICA,"

and

HARLEY G. LAPPIN, DIRECTOR
OF THE BUREAU OF PRISONS,

          Respondent(s)/Defendant(s).
_____/

Case: 1:08-cv-00681
Assigned To : Kennedy, Henry H.
Assign. Date : 4/17/2008
Description: Habeas Corpus/2255

PETITION FOR
COMMON LAW
WRIT OF HABEAS CORPUS
BY A PERSON IN
FEDERAL CUSTODY

### CONVICTION UNDER REVIEW

1. Name and location of the court which entered the judgment of
   conviction under review:
   **U.S. DISTRICT COURT OF COLORADO**
2. Date of judgment of conviction was entered: **1995**
3. Case Number: **1:94-CR-254-RPM-2**
4. Type and length of imposed sentence: **360 months**
5. Are you presently serving a sentence imposed for a conviction
   other than the conviction involved under review? **No**
6. Nature of the offense involved: **Title 21 U.S.C.  841(a)(1), (b)
   (1)(B), (b)(1)(A), 846 and Title 18 U.S.C. §2.**
7. What was your plea? **Not guilty**
8. If you entered a plea of guilty to one count of the indictment
   and a not guilty to another count in the indictment, give
   details: **N/A**
9. If you entered a plea of guilty pursuant to a plea bargin,
   state the terms and conditions of the agreement: **N/A**

11. Diu ᴐ

## DIRECT APPEAL

12. Did you appeal from the judgment of conviction?  **Yes**
13. If you did appeal give the name and location of the court's
    decision:  **U.S. District Court of Appeals 10th Circuit**
14. If you did not appeal, explain briefly why you did not appeal:
    **N/A**

## POST-CONVICTION PROCEEDINGS

15. Other than a direct appeal from judgment of conviction and
    sentence, have you previously filed any petition, application,
    or motion with respect to this judgment in any federal court?
    Yes
16. If your answer to 15 was "Yes," give the following information:

## CLAIMS

17. State concisely every claim that you are being held unlawfully
    for.  Summerize the facts supporting the claims.
    If necessary, you may attach extra pages stating additional claims
    and supporting facts.  You should raise in the application all
    claims for relief which relate to the conviction under review.
    In order to proceed in federal court, you oridinarily must exhaust
    administrative remedies available to you as to each claim on
    which you request action by the federal court.

**CLAIM ONE:**
Ineffective Assistance of Counsel

      Supporting Facts:
      Counsel failed ab initio to raise or challenge any of the
      issues presented herein.

2. Did you seek administrative relief as to claim one?  **No**

**CLAIM TWO:**

<u>LACK OF FEDERAL LEGISLATIVE JURISDICTION OVER THE LOCUS IN QUO</u>

1. Supporting Facts:
   See, attached Memorandum of Law with Incorporated Points and authorities.
2. Did you seek administrative relief as to claim two? **No**

**CLAIM THREE:**

<u>LACK OF FEDERAL SUBJECT MATTER JURISDICTION OVER THE ALLEGED PROHIBITIVE CONDUCT -WANT OF COMMERCE NEXUS</u>

!. Supporting Facts:
   See, attached Memorandum of Law with Incorporated Points and Authorities.
2. Did you seek administraitive relief as to claim three? **No**

**CLAIM FOUR:**

<u>MIS-APPLICATION OF FEDERAL LAW, WHERE SUCH IS UNENACTED UNPROMULGATED AND UNIMPLEMENTED</u>

!. Supporting Facts:
   See, attached Memorandum of Law with INcorporated Points and Authorities.
2. Did you seek administrative relief as to claim four? **No**

18. Do you have any petition, application, motion, or appeal now pending in any court either state or federal, regarding the conviction under review? **No**

19. State briefly why you believe that the remedy provided by 28 U.S.C. §2255 motion to vacate sentence is inadequate or ineffective to test the legality of your detention.
    : §2255's were filed in October 20, 1997; August 31, 1999 and August 09, 2004.
    Additionally, the **Legislative-Territorial Court** wherein the issue now complained of arose, lacks the Constitutional authority to entertain and to adjudicate the issues herein thus a §2255 motion is inadequate and inappropriate.

WHEREFORE, Petitioner, prays that the court GRANT him such relief to which he may be entitled in this proceeding.

Dated: _____Nov 15,_____, 2007.          Respectfully submitted:

Lawrence Williams

Lawrence Williams/25599-013
Fort Worth-FCC
P.O. Box 15330
Fort WOrth, Tx 76119

## UNITED STATES DISTRICT COURT
## JUDICIAL DISTRICT OF COLUMBIA

LAWRENCE WILLIAMS,

    Petitioner/Plaintiff,

vs.

ALBERTO GONZALES, ATTORNEY GENERAL
FOR THE "UNITED STATES OF AMERICA,"

and

HARLEY G. LAPPIN, DIRECTOR
OF THE BUREAU OF PRISONS,

    Respondnet(s)/Defendant(s).
_____/

No. ▓▓▓▓▓▓▓▓▓▓▓▓2

New Case No. ___ 08 0681

APPLICATION FOR
WRIT OF HABEAS CORPUS

BROUGHT IN THE NATURE OF
COMMON LAW WRIT OF
HABEAS CORPUS

BEFORE THE HONORABLE COURT:

    NOW COMES, Lawrence Williams, Petitioner, in want of counsel, in
the above styled action, (hereinafter "Petitioner"), and as for a
Verified Petitioner For Writ of Habeas Corpus, shows the court as
follows:

1.

    That the relief sought herein is provided under the Law of Habeas
Corpus, in Common Law, the Constitution and Statutes of the United
States of America, and the Federal Civil Court Rules and Procedures.
(See, attached Memorandum of Law with Incorporated Points and Author-
ities).

2.

    That the Petitioner is presently imprisoned and restrained of his
liberty in violation of the rights thereof as set forth and guaranteed
in the Constitution of the United States and Federal Laws made in con-
formance therewith.

//// - 1 Application for Common Law Writ of Habeas Corpus

3.

That, Petitioner, herein, is incarcerated in a Federal Correctional Institution, in violation of the Constitutional rights of the Petitioner herein, as set forth without restriction, in Article V, VI, VIII and XIV in Amendment of the Constitution of the United States, as amended AD 1791.

4.

That the said incarceration of Petitioner herein, was ordered by a United States District Court Judge, a copy of the Order of Charging Instrument/Indictment and Order of JUdgment and Sentence in such case is attached herein as **Exhibit "A"**, to establish that the respondents named above in the caption area, is the proper custodian(s) over the Petitioner, and thereby the appropriate parties to the instant case.

5.

That this Court has personal jurisdiction over the respondent(s) named in the caption area above in the nature of 28 U.S.C. Sec. 88; 49 Stat. 1921, June 25, 1936, and the 80th Congressional, House Report No. 308, it is shown that the District of the United States for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution to the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's original jurisdiction.

6.

That defense counsel rendered ineffective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government in want of Legislative-Territorial or Admiralty JUrisdiction over the locus in quo.

8.

That the government in want of Federal Subject Matter JUrisdiction by failing to charge or prove that the alleged prohibitive act transcended the borders of the sovereign state in violation of the Federal Interstate Commerce Clause.

///// - 2  Application for Common Law Writ of Habeas Corpus

9.

That there is no amendment to the Federal Constitution ratified by three-forths of the sovereign state to provide for nationwide jurisdiction and application of the Federal Statutory Provisions under which the Petitioner is charged

10.

That the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, have not been promulgated in the Federal Register or possessed implementing authorities in the Code of Federal Regulations, thus do not apply over private citizens.

11.

That to construe or to convert the instant non-authority **Common Law Writ of Habeas Corpus** into a statutory pleading will be taken as denial of the pleading as submitted, thus, the sustainment of the unlawful incarceration of the Petitioner herein, causing injury and in the nature of 42 U.S.C. §1331, 1983, 1985, and 1986.

12.

That the court is presumed to possess superior knowledge of law, thus the court would be deemed to know from the facts and the law presented and the proceeding before the court record, that the Petitioner herein is in violation of his <u>Constitutional Rights</u> <u>where the court</u> is compelled to provide a <u>Remedy-in-Law</u> for relief from such unlawful custody.

WHEREFORE, in the nature of §2241 and §2243 of Title 28 of the UNited States Code (June 25, 1948 c. 646, 62 Stat. 965), the Petititioiner herein requests the court to prepare and issue an Order directing the Respondent(s) to **Show Cause** within 3 days, from the date of service, why the instant **Common Law Writ of Habeas Corpus**, should not be GRANTED, where all issues presented are only questions of law. The Respondent(s) will not be under burden to produce records, evidence, witnesses, or prepare for a hearing, and no additional time would be required.

///// - 3 Application For                    Writ of Habeas Corpus

In the nature of the principle pronounced in 1 Stat. 122, May 26, 1970, Sec. 2 March 27, 1804, Stat. 298, Sec. 2 Petitioner Lawrence  Williams executes the foregoing.


Dated: _Nov  15_____ , 2007                    Respectfully submitted,


                                               _Lawrence Williams_
                                               Lawrence Williams

Lawrence Williams/25599-013
Fort Worth-FCI
P.O. Box 15330
Fort Worth, Tx 76119


UNITED STATES DISTRICT COURT
JUDICIAL DISTRICT OF COLUMBIA


LAWRENCE WILLIAMS,

     Petitioner/Plaintiff,

vs.

ALBERTO GONZALES, ATTORNEY GENERAL
FOR THE "UNITED STATES OF AMERICA,"

and

HARLEY G. LAPPIN, DIRECTOR
OF THE BUREAU OF PRISONS,

     Respondnet(s)/Defendant(s).
_____/

No. ~~████████████████~~

New No. ___08 0681___

MEMORANDUM OF LAW WITH
INCORPORATED POINTS
AND AUTHORITIES

IN SUPPORT OF:
COMMON LAW WRIT OF HABEAS CORPUS


BEFORE THIS HONORABLE COURT:

    NOW COMES, Lawrence Williams, in want of counsel, accused in the

above referenced cause, and as for the Petitioner for Common Law Writ

of Habeas Corpus, shows this Honorable Court as follows:

1.

    That relief sought herein is provided for under the Common Law,

the Constitution of the United States of America, as amended AD 1791,

Article 1 §9 cl.2, and in the nature of 28 U.S.C. §2241.

////


//// - 1  Memorandum of Law with Incorporated Points and Authorities

2.

That this Honorable Court has personal juridiction over the respondents named in the caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both respondents have their principle place of business within the District of Columbia.

3.

That in the nature of <u>Adams v. United States</u>, DK. No. 97-2263 (2nd Cir. 1998), the court is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision.  See, <u>United States v. Morgan</u>, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with Incorporated Points and Authorities:

(a)  The jurisdiction of Federal Courts is defined in the Constitution at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts.  Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legislative Tribunals" <u>28 U.S.C. §88 District of Columbia - Courts</u>, Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution.  See, <u>O'Donoghue v. United States</u>, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74, <u>Mookini v. United States</u>,

303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543.  **The Federal Trade Commission vs. Klesner,** 274 U.S. 145 (1927) and **Claiborne-Annapolis Ferry Co. vs. United States,** 285 U.S. 382 (1932).

(b)  That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c)  That the Petitioner is in custody for an act not done or committed in pursuance of an Act of Congress or an order, process, judgment, or decree of a court or judge of the United States.  And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d)  That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over federal government only.

(e)  That the government has failed ab initio to establish federal subject matter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state.

# INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the governments lack of **Federal Legislative, Territorial or Admiralty Jurisdiction** over the locus in quo.  The Petitioner argues that there is no presumption in favor of juridiction, where the basis for jurisdiction must be affirmatively shown on the face of the record.  See, **Hartford v. Davies**, 16 S.Ct. 1051 (1896).  The exclusive legislative jurisdiction of the federal government is not addressed in principle to subject matter, but to geographical location.  See, **United States v. Beavens**, 16 U.S. (3 Wheat) 336 (1818).  It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location whereon the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained.  See, **United States v. Benson**, 495 F.2d 481 (1946).  Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived.  See, **United States v. Rogers**, 23 F. 658 (DC Ark. 1885).  In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in **Fort Leavenworth Railroad v. Iowa**, 114 U.S. 525 (1885).  No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published and filed on behalf of the United States as provided and filed in 40 U.S.C. §255, and the fact that the state authorized the federal government to take and exercise jurisdiction was inmaterial.  See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed

///// - 4 Memorandum of Law with Incorporated Points and Authorities - N

1421 (1943).

7.

The distinction that jurisdiction is more than a technical concept and is a Constitutional requirement. See, **United States v. Johnson**, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed 681 Cert. den. 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed 2d 117. In the United States, there are two separate and distinct kinds of jurisdiction: The jurisdiction of the states within their own territorial boundries, and then Federal jurisdiction. Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundries of any given state. In contrast, Federal jurisdiction is extremely limited: In July of 1776, after declaring their independence, the New States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Articles of Confederation. In Article II, it is expressly stated:

> "Each state retains its sovereignty freedom
> and independence, and every power, of juris-
> diction and right which is not by this Confed-
> eration, expressly delegated to the United
> States, In Congress assemble."

8.

As the history of the Confederation Government has shown each state was indeed sovereign and independent to the degree that it

///// - 5 Memorandum of Law with Incorporated Points and Authorities - N

made the Central Government created by the confederation fairly
ineffectual.    These defects of the Confederation Government strained
the relation between and among the states and the remedy became
calling a Constitutional Convention.    The representatives which
assembled at Philadelphia in May of 1787 to attend the Constitution-
al Convention met for the primary purpose of improving the commer-
cial relations among the states, although the product of the con-
vention produced more than this.    But no intention was demonstrated
for the states to surrender in any degree, the jurisdiction so
possessed by the states at that time, and indeed the Constitution
as finally drafted continued the same territorial jurisdiction of
the Articles of Confederation.    The essence of this retention of
each state's jurisdiction is embodied in the Constitution at Article
I Section 8 Clause 17 of the Constitution of the United States of
America, which reads as follows:

> "To exercise exclusive legislation in all cases what-
> soever over such districts (not exceeding Ten Miles
> Square) as may be cession of particular states, and
> acceptance of Congress becomes the seat of the govern-
> ment of the United States, and to exercise like authority
> over all places purchased by the consent of the Legis-
> lature of the states in which the same shall be for the
> erection of Forts, Magazines, Arsenals, Dock-Yards and
> other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution
was and is obvious.    Under the Articles of Confederation, the states
retain full and complete jurisdiction over lands and persons within

///// - 6 Memorandum of Law with Incorporated Points and Authorities - N

their borders. Since the time of the ratification and implement-
ation of the present Constitution of the United States, the United
States Supreme Court and all lower courts have had many opportunit-
ies to construe and apply these provisions of the Constitution.
The essence of all these decisions is that the states of this Nation
have exclusive jurisdiction of property and persons located within
their borders, excluding such land and persons residing thereon
which have been ceded to the United States. Perhaps one of the
earliest decisions on this point was in the **United States v. Beavens,**
16 U.S. **Wheat** 336 (1818). This case involved a federal prosecution
for murder committed onboard the warship, Independence, anchored
in the harbor of Boston, Massachusettes. The defense argued that
only the state had jurisdiction to prosecute and argued that the
federal circuit courts had no jurisdiction of this crime supposedly
committed within the Federal Admiralty jurisdiction. In the argu-
ment before the Supreme Court, counsel for the United States admitted
as follows:

> " The exclusive jurisdiction which the United States have
> in forts, dock-yards ceded to them is derived from express
> assent of the states by whom the cessions are made. It could
> be derived in no other manner; because without it, the authority
> of the states would be supreme and exclusive therein."
> **3 Wheat at 350, 351**

10.

In holding that the state of Massachusetts had no jurisdiction
over the crime the court held:

> " What then is the extent of jurisdiction which a state possess-
> es?"   " We answer, without hesitation the jurisdiction of a
> state is co-extensive with it's territory, co-extensive with
> it's legislative power." **3 Wheat at 386, 387**

///// - 7 Memorandum of Law with Incorporated Points and Authorities - N

> " It is observable that the power of exclusive legislation
> (which is jurisdiction) is united with cession of territory,
> which is to be the free act of the states.  It is difficult to
> compare the two sections together, without feeling a conviction
> not to be strengthened by any commentary on them, that in de-
> scribing the judicial power, the framers of our constitution
> had not in view any cession of territory or, which is essent-
> ially the same of general jurisdiction."  3 Wheat at 388

11.

Thus in **Beavens**, the court established a principle that Federal
jurisdiction extends only over the areas wherein it possesses the
power of exclusive legislation, and this is a principle incorporated
into all subsequent decisions regarding the extent of Federal juris-
diction.  To hold otherwise would destroy the purpose, intent and
meanings of the entire Constitution of th United States.  One year
later the Supreme Court of New York was presented with the same
issue, of whether the state of New York had juridiction over a mur-
der committed at Fort Niagara, a Federal fort.  In **People v. Godfrey**,
**17 Johns 225 N.Y. (1819)**, that court held that the fort was subject
to the jurisdiction of the state since the lands therefore had not
been ceded to the United States, the rationale of it's opinion
stated:

> " To oust this state of its jurisdiction to support and main-
> tain its laws and to punish crimes, it must be shown that an
> offense committed within the acknowledged limits of the state,
> is clearly and exclusively cognizable by the laws and courts
> of the United States.  In the case already cited Chief Justice
> Marshall observed that to bring the offense within the juris-
> diction of the courts of the union, it must have been  committed
> out of the jurisdiction of any state."  It is not (he says)
> the offense committed but the place in which it is committed,
> which must be out of the jurisdiction of the state.
> **17 Johns, at 233** (emphasis added)

12.

The case relied upon by this court was the **United States v. Beavens**, **supra**. At about the same time that the New York Supreme Court rendered it's opinion in **Godfrey**, a similar situation was before a Federal Court, the only difference being that murder was committed in and occurred on lands which had been ceded to the United States. In the **United States v. Cornell**, 2 Manson 60, 1 cir. (1819), the court held that the case fell within Federal jurisdiction, describing such jurisdiction as follows:

> " But although the United States may well purchase and hold lands for public purpose within the territorial limits of a state, this does not of itself oust the jurisdiction or sovereignty of such state over lands purchases. It remains until the state has relinquished its authority over the lands either expressly or by necessary implication. When therefore a purchase of land for any of these purposes is made by the National Government and the state legislature has given its consent to the purchase, the lands so purchased by the very terms of the Constitution ipso facto falls within the exclusive legislation of Congress and the state jurisdiction is completely ousted." **2 Manson at 63**

13.

Almost 18 years later U.S. Supreme Court again was presented a case involving the distinction between state and federal jurisdiction. In **New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836). The United States claimed title to property in New Orleans likewise claimed by the city. After holding that, title to the subject lands was owned by the city, the court addressed the question of federal jurisdiction and states:

> " Special provisions is made in the Constitution for the cession of jurisdiction from the state over places where the Federal Government shall establish forts, or other military works. And it is only in

these places or in the territories of the United States where it can exercise a general jurisdiction." **10 Pet. at 737**

14.

In **New York v. Miln**, 36 U.S. (11 Pet.) 102 (1837), the question before the court involved the attempt by the city of New York to asses penalties against the master of a ship for failure to make a report as to the persons his ship brought to New York.  As against the master's contention that the act was unconstitutional and that New York had no jurisdiction in the matter, the court held :

> " If we look at the places of its operation, we find  it to be within the territory, and therefore, within yhe jurisdiction of New York.  If we look at the person on whom it operates he is found within the same territorial jurisdiction." **36 U.S. at 135**

> " They are these:  That a state has the same undeniable and unlimited jurisdiction over all persons and things within its territorial limits, as any foreign nation, where that jurisdiction is not surrendered or restrained by the Constitution of the United States.  That by virtue of this it is not only the right, but the burden and solemn duty of a state, to advance the safety, happiness and prosperity of its people and to provide for its general welfare by any and every act of legislation which it may deem to be conductive to these ends; where the power over the particular subject, or the manner just stated.  That all those powers which relate to merely municipal legislation, or what may perhaps more properly be called internal police are not thus surrendered or restrained and that consequently in relation to these the authority of a state is completely unqualified and exclusive." **36 U.S. at 139**

15.

Some eight tears later, in **Pollar v. Hagan**, 44 U.S. (3 How.) 212 (1845), the question of Federal jurisdiction was once again before the court.  This case involved a contest of the title of a real property, with one of the parties claiming a right to the disputed property

via U.S. patent; the lands in question were situated in Mobile, Alabama adjacent to Mobile Bay, the court held:

> " We think a proper examination of this subject will show that the United States never held any Municipal sovereignty, jurisdiction or right of soil in and to territory of which Alabama or any of the new states were formed." **44 U.S. at 221**

> " Because the United States have no Constitutional capacity to exercise Municipal Jurisdiction, Sovereignty or eminent domain within the limits of a state or elsewhere, except in case which it is expressly granted." **44 U.S. at 228, 229**

> " Alabama is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits, subject to the common law." **44 U.S. at 228, 229**

16.

The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525 (1885) 995, which set forth the law on this point of federal jurisdiction, fully. There the railroad company's property, which passes through, Fort Leavenworth federal enclave was being subject to taxation by Kansas, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained federal jurisdiction within the states:

> " The consent of the state to the purchase of lands within them for the special purpose named is however, essential, under the Constitution to the transfer of the jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, political jurisdiction be ceded to them in some other way is simply that of an ordinary proprietor. The property in that case, unless used as a means to carry out the purposes of the government, is subject to the legislative authority and control of the states equally with the property of private individuals." **114 U.S. at 531**

///// - 11 Memorandum of Law with Incorporated Points and Authorities - N

17.

The Constitution for the United States created a government, which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from a enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

18.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide fot the punishment of counterfeiting of coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army and navy, and lay and collect taxes by appointment, and indirect taxes by exercise, duties or imports.

19.

This is about the extent of the legitimate jurisdiction of the Federal United States Government. It is only in these areas, supra, that a crime (or offense) against the Federal United States can exist, and this is so only when Congress actually passes a Law in one of these areas:

> But an act committed within a state for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States of America.

///// - 12 Memorandum of Law with Incorporated Points and Authorities - N

20.

**United States v. Fox**, 95 U.S. 670, 672 (1877).  [T]he courts of
the United States, merely by virtue of this grant of judicial power,
and in the absence of legislation by Congress, have no criminal juris-
diction whatsoever.  The criminal jurisdiction of the Courts of the
United States is wholly derived from the Statutes of the United States.
<u>Manchester v. Massachusetts</u>, 139 U.S. 240, 262 (1890); <u>United States
v. Flores</u>, 289 U.S. 137, 151 (1932).  Acts of Congress, as well as the
Constitution, must generally unite to give jurisdiction to a particular
court.  <u>United States v. Bedford</u>, 27 Fed. Cas., p.91, 103, Case No.
15,867 (1847).

21.

The Federal Courts only have jurisdiction in matters involving an
"offense against the United States," and nothing can be an offense
against the United States unless it is made so by Congressional Act
pursuant to the U.S. Constitution.  There is no other source from
which Congress can get authority to make law, <u>including</u> the Common
Law.  Thus it has been said that, "There is no Federal Common Law."

22.

But the better way of stating this is to say, "There are no Common
Law Offenses (or crimes) against the United States."  <u>United States v.
Britton</u>, 108 U.S. 199, 206 (1882); <u>United States v. Eaton</u>, 144 U.S.
677, 687 (1891); <u>United States v. Gradwell</u>, 243 U.S. 476, 485 (1916);
Donnelley v. United States, 276 U.S. 505-511 (1927); <u>Jerome v. United</u>
States, 318 U.S. 101, 104 (1942); <u>Norton v. United States</u>, 92 F.2d
753 (1937).  In other words, the Common Law is not a source for crim-
inal jurisdiction as it is in the States.  <u>United States v. Grossman</u>,
1 Fed. Ed. 941, 950-51 (1924).

23.

By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter. Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (Federal Courts) can take jurisdiction." **State of Pennsylvania v. Wheeling E. Bridge Co.**, 13 How. (54 U.S.) 518, 563 (1851).

24.

If Congress tries to make a Common Law offense a crime (such as libel, drugs, theft, burglary, murder, kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the Art. §8 ***, but there is no reference to a Common Law authority. Every power is [a] matter of definate and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of law. The **United States v. Worrall**, 2 Dall. (2. U.S.) 384, 391 (1798).

25.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so

///// - 14 Memorandum of Law with Incorporated Points and Authorities - N

changed, as perhaps to make a different rule in the case desirable.
A principal share of the benefit expected from written Constitution
would be lost if the rules they establish were so flexible as to bend
to circumstances or be modified by public opinion. [A] court or legis-
lature which should allow a change in public sentiment to influence
it in giving to written constitution and construction not warranted
by the intention of its founders, would be justly chargeable with
reckless disregard of Official Oath (28 U.S.C. §453-18 U.S.C. §1621)
and public duty; and if its course could become a precedent these
instruments would be of little avail. What court is to do, therefore,
is to declare the law as written. **T.M. Cooley, A Treatise on the**
**Constitutional Limitation**, 5th Ed., pp. 54, 55, rather than be swayed
by political ambition and the unlawful unsurpation of policepowers.
Chief Justice John Marshall stated:

> " We [judges] have no more right to decline the exercise of jurisdiction,
> which is given, than to usurp that which is not given. The one or the
> other would be treason to the Constitution."
> **Cohens v. Virginia**, 6 Wheat. (19 U.S.) 264, 404 (1821).

26.

The district court erred in not determining jurisdiction prior
to entertaining the cause.

### Standard of Review

The court's duty to resolve the jurisdiction of the court,
regardless of who brings the action, the court must make a legal find-
ing as to its authority to take venue and jurisdiction, before the
court moves to entertain the cause before it. See, **20 Am. Jur. 2d**
**§60, 377**

### §60    Power and Duty to Determine Jurisdiction

A Court has the power and duty to examine and determine

///// - 15 Memorandum of Law with Incorporated Points and Authorities - N

whether or not it has jurisdiction over the subject matter presented
to it, and its determination being subject, of course, to appellate
review.  This question should be considered before it looks at other
matters involved in the case, such as whether the parties are properly
before the court.  It may, and must do this on its own motion, with-
out waiting for the question of its jurisdiction to be raised by any
of the parties involved in the proceedings.

### §62    Jurisdiction as dependent on application for relief

The general rule is that the court cannot adjudicate a con-
troversy on its own motion; it can do so only when the controversy is
presented to it by a party, and only if the case is presented to it
in the form of a proper pleading.  A court has no power either to in-
vestigate or to initiate proceedings.  When a statute prescribes a
mode of acquiring jurisdiction, that mode must be followed or the pro-
ceedings and resulting judgment will be void and the judgment subject
to collateral attack.

### §65    Effect of Lack of Jurisdiction

" THE GENERAL RULE IS THAT PROCEEDINGS CONDUCTED OR DECISIONS
MADE--BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURIS-
DICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE A
DECISION IN FAVOR OF EITHER PARTY, CANNOT DISMISS THE COMPLAINT FOR
FAILURE TO STATE A CLAIM AND CANNOT RENDER A SUMMARY JUDGMENT, AS A
DECISION WOULD BE ON THE MERITS OF THE ACTION.  IT CAN ONLY DISMISS
THE CASE FOR WANT OF JURISDICTION.  HOWEVER, A COURT CAN SET ASIDE
ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED, AND A
JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER CAN BE
SET SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT."

///// - 16 Memorandum of Law with Incorporated Points and Authorities - N

(In Part)

27.

The Petitioner asserts that the district court lost its juris-
diction, once it failed to determine jurisdiction to hear this case
at bar <u>before proceeding with sentencing and/or trial</u>.

28.

The question of challenging the court, and the United States
jurisdiction, was never waived by this Petitioner, it is well settled
in the law that when jurisdiction of the court and of the United
States is challenged, thus **" Onus Probandi is the actor."**  Onus
Probandi burden of providing the burden of proof, "The strict mean-
ing of the Onus Probandi," is that, if no evidence is adduced by
the party on whom the burden is cast, the issue must be found against
him, **Davis v. Rogers**, 1 Houst (del.) 44.  "Where jurisdiction is
challenged it must be proved," **Hagen v. Lavine**, 415 U.S. 528 (1974).
Because it is not sufficient that jurisdiction of the United States
Courts may be inferred argumentatively from averments in the plead-
ings it follows that the necessary factual predicate may not be
gleaned from the briefs and arguments themselves; this principal
of federal jurisdiction applies whether that the case is at the
trial stage or at the appellate stage.

29.

The Petitioner asserts that the court and government has not
been granted jurisdiction through the Constitution of the United
States of America, to adjudicate matters beyond the legislative
jurisdiction of the United States.  The courts and the government
have failed to offer proof, or make findings and conclusions of law,
as to the jurisdiction in the above alleged criminal action.

///// - 17 Memorandum of Law with Incorporated Points and Authorities - N

"A court cannot proceed at all in any case without jurisdiction
but must announce the fact and dismiss the cause." See, **Ex Parte
McCardle**, 7 Wall 506, 19 L.Ed. 264. Before considering each of the
standings theories, it is appropriate to restate certain basic prin-
cipals that limit the power of every Federal Court.  Federal Courts
are not courts of general jurisdiction; they have only the power
that is authorized by Article III of the Constitution and statutes
enacted by Congress pursuant thereto. **e.q. Marbury v. Madison**, 1
Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every
Federal Appellate Court has a special obligation to "satisfy itself
not only of its jurisdiction, but also that of the lower courts in
a cause under review," even though the parties are prepared to con-
cede it. **Mitchell v. Maurer**, 293 U.S. 237, 244, 79 L.Ed. 338, 55
S.Ct. 162 (1934). See, **Judice v. Vail**, 430 U.S. 327, 331, 332
51 L.Ed. 2d. 376, 97 S.Ct. 1211 (1977)(standing), "and if the rec-
ord discloses that the lower courts was without jurisdiction (such
as in this case) this court will notice the defect, although the
parties make no contention concerning it." See, **Bender v. Williams
Port Areas School District**, 475 U.S. 534, L.Ed. 2d 501, 106 S.Ct.
1326. When the lower Federal Courts lacks jurisdiction, we have
jurisdiction on appeal, not of the merits but merely for the purpose
of correcting the error of the lower court in entertaining the suit.
See, **United States v. Corrick**, 298 U.S. 435, 440, 80 L.Ed. 1263,
56 D.Vy. 829 (1936). See also e.q., **United States v. Mata**, 449 U.S.
539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), **City of Kenosha
v. Bruno**, 412 U.S. 507, 511 37 L.Ed. 2d, 109, 93 S.Ct. 122 (1973),

///// - 18 Memorandum of Law with Incorporated Points and Authorities - N

**Clark v. Paul Gray Inc.**, 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939), **St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936). This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance, when a constitutional question is presented.  In such cases we have held strictly to the standing requirements to ensure that our deliberations will have benefit of adversary presentation and full development of the relevant facts.  The court must be mindfull that the powers of the legislature are defined and limited and that those limits may not be mistaken or forgotten, the Constitution of the United States of America has been written indeed this is the very essence of the judicial duty. See, **Marbury v. Madison**, 5 U.S. 137, 176-178, 1 Cranch 137 (1803).d See also, **Bell v. Maryland**, 378 U.S. 266, 224 (1964)(Douglas J. COncurring).

" A district court are courts of limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C.A. Article III, and cannot assume jurisdiction." See, **Stanard v. Olesen**, 74 S.Ct. 768 (1954) also, **McNutt v. G.M.**, 56 S.Ct. 789, L.Ed. 1135., and **Thomson v. Gaskiel**, 62 S.Ct. 573, 83 L.Ed. 111.  It is clear that federal jurisdiction does not rest in federal statutes that do not invest exclusive jurisdiction.  Neither statute governing courts authority nor the statute governing the charged crime invest exclusive authority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the State jurisdiction, by the Federal Government. The Supreme Court in **Housenbaum v. Bauer**, 120 U.S. 450 (1887), searching the language of the statute to see if jurisdiction is conferred by a statute stated:

///// - 19 Memorandum of Law with Incorporated Points and Authorities - N

" Here we are bound by statute and not by Syayes alone, but by an act
of Congress, which obliges us to follow the State statute and State
practice.  The Federal courts are bound hand and foot, and are compelled
and obliged by the federal legislature to obey the State law."

30.

The Petitioner contends that such rules prevail where it appears
from the record that the court was without jurisdiction, of either
person or the subject matter.  For the record, where it appears from
the record that the court did not have jurisdiction of the person
or the subject matter, there is not conclusive presumption to pre-
clude an injury into the fact and to prevent a declaration of the
invalidity of the judgment.  A record, which affirmatively shows
want of jurisdiction, is of its self, **conclusive as that fact**.

31.

Moreover, a district court judge may and must check for the
courts jurisdiction to proceed, in the pleading proceeding.  He must
do this on his own motion without waiting for the question of law-
ful jurisdiction to be raised by any of the parties involved in the
proceedings.  He is charged to know that the court proceedings con-
ducted absent jurisdiction over the subject matter are legally void
and subject to collateral attack.  See, **46 American Jurisprudence
2d. Judgment §26**.  As a district court judge charged with knowledge
that jurisdiction is the authority to hear and determine a specific
case within a class over which the court has subject matter juris-
diction.  Also awareness that his court is subject to **Territorial
limitation and cannot extend** the jurisdiction authority which comes
pursuant to an act of Congress and under which behalf the court

functions. Knowing that the jurisdiction of his court is limited, and can be further limited by constitutional or statutory provisions to only part of the territory of the sovereignty to which the court belongs. See, **American Jurisprudence 2d. Courts §115.**

32.

THe district court of Petitioner's conviction is one limited and special original jurisdiction, its action must be confined to the particular cases, controversies, and parties over which the con-stitution and the laws have authorized it to act; any proceedings without the limits prescribed is Coran Non Judice and its actions a nullity. See, **State of Rhode Island et. al. v. Commonwealth of Mass.,** 37 U.S. 657 (1938). The statute designating the Federal Government charges, that if a crime does not authorize concurrent jurisdiction doctrine authorize concurrent jurisdiction. See, **Adams v. United States,** 87 L.Ed. 1421. The jurisdiction to determine jurisdiction doctrine authorizes courts to issue ancillary orders while deter-mining their own jurisdiction, and to punish as criminal contempt, the violations of such orders, even though it may later be deter-mined that the court lacks jurisdiction over the proceedings. When a court assumes but later discovers that it has no subject matter jurisdiction, the court must take the appropriate action, although it acted in accordance with its previous belief that it had juris-diction. See, **American Jurisprudence 2d. Courts §60 page 377.** Jurisdiction to render a judgment in a particular case or against particular persons may not be presumed where the record itself shows jurisdiction has not been acquired. See, **Old Wayne Mut. Life Asso. v. McDonough,** 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236. Hence a fact

connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

## FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

### 33.

Defense counsel was ineffective by failing to raise or challenge the governments lack of Federal Subject Matter Jurisdiction over the alleged prohibitive acts charged against the Petitioner.

That, defense counsel failed ab initio to raise or challenge that the Federal Statutory Provisions under which the Petitioner is charged failed to contain language of an Interstate Commerce Nexus. The enumerated subsection under which the Petitioner is unlawfully incarcerated and detained of his liberty, possess no language which could be construed as importing, interposing or incorporating a Commerce Nexus. Thus, the language of the statute does not grant Federal Subject Matter Jurisdiction, nor grant formal notice to the accused party that the alleged violations of **Title 18 U.S.C. §2 and Title 21 §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846 of the United States Code,** also invokes an uncharged violation of the Federal Interstate Commerce Statute, even though no prohibitive acts moved beyond the borders of the sovereign state or across state line or international borders. The Federal Government does not have a general police power, thereby the legitimate application of **Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846,** may only be applied if connected to an alleged violation of the Interstate Commerce Statute.

///// - 22 Memorandum of Law with Incorporated Points and Authorities - N

35.

**Stirone v. United States**, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. 2d. 252 (1960) at 857.    The Supreme Court stated that, "The essential element was the allegation of an Interstate Commerce which provided the court with (subject matter) jurisdiction" over the alleged prohibitive acts.    Where the instant matter is concerned, the government has failed ab initio to establish that the prohibitive conduct of the Petitioner, moved beyond the border of the sovereibn state, thus in the clear absence of a commerce charge, the government failed to establish Federal Subject Matter Jurisdiction over the alleged offense.

36.

Under our federal system, the "States possess primary authority for defining and enforcing the criminal law." See, **Brecht v. Abrahamson**, 507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1993), quoting: **Engle v. Isaac**, 456 U.S. 107, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945)(plurality opinion) "our National Government is one of delegated powers alone.    Under our federal system the administration of criminal justice rests with the state except as Congress, acting within the scope both delegated powers has created offenses against the United States."    When Congress criminalizes conduct already denounced as criminal by the state it affects a change in the sensitive relation between federal and state criminal jurisdiction. **United States v. Unmans**, 410 U.S. 396 441-442, 35 L.Ed.2d 379, 93 S.Ct. 1007 (1973). quoting, **United States v. Bass**, 404 U.S. 336, 349, 30 L.Ed.2d 488, 92 S.CT. 515 (1971).    It's obvious the government would have to acknowledge  hat **Title 18 U.S.C. §2 an  Title 21 U.S.C. §§841(a)(1), (b)(1)(A)(  ), (b)(1)(C), (b)(1)(B)(  ), and**

///// - 23 Memorandum of Law with Incorporated Points and Authorities - N

<u>846,</u> displaces state policy in that its prohibitions is being used in every state. <u>Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846,</u> are now being used outside their scope of intended use by inappropriately over-riding State Law. By imposing higher penalties and establishing mandatory penalties for the same offenses that the state already charges. The Policies reflected in these provisions could legitim-ately be adopted by the states but they should not be imposed upon the states by Congress. By the government's use of these statutes outside their scope and intended use we have a system that can pun-ish the same act by different individuals with different and more selective punishment. Thus, the abuse mentioned, defendant in the case also charges the government was selective by going outside its jurisdiction which was clearly spelled out by the 99th Congress 2d Session, of the Federal Statutory Provisions under which the Petit-ioner is alleged to have violated the act in question to determine, whether it applies solely within the jurisdiction of the United States. Analysis of the operative sections of the act, particularly the sections at issue herein, clearly reveals that there is nothing, which indicates that the act applies anywhere but within the United States Territories and Enclaves. There is simply no statutory lang-uage expressly stating that the act applies "extra jurisdiction-ally." Further, the Federal Statutory Provisions which are an issue <u>Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846,</u> totally fail to mention or refer to Interstate Commerce or otherwise connect the provisions of this act to Congressional Interstate Commerce Powers. That is particulary

//// - 24 Memorandum of Law with Incorporated Points and Authorities - N

apparent from a review of **Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846,** mention nothing in reference to Interstate Commerce.

### 37.

The Petitioner asserts prosecutorial misconduct and plain error, 52(b) F.R.C.P., in that the application was not within the scope of **Rule 7(c)(1), F.R.C.P.** to the indictment in which was an amendment to cure the jurisdiction requirement; the indictment failed to explicitly, allege a (nexus) to commerce. See, **United States v. Knowles**, 29 F.3d 947, 952 (5th Cir. 1994).

### 38.

The Petitioner stands firm on his assertion that he was highly prejudiced by the prosecutor, not qualifying the jurisdiction nexus in the statute, to the Grand Jury. The Second and Third Circuit is on record as expressing the view that "when the word or phrase is used in the Sect. of the "Act" more than once, and the meaning is clear as used in one place." **Meyer v United States**, 175 F.2d 45, 47 (2nd Cir. 1949), quoting, **Lewellyn v. Nunez**, 573 F.2d 769 (2nd Cir. 1978), and **C.I.R. v. Ridgeway's Estates**, 291 F.2d 257 (3rd Cir. 1961). It is elementary principle of criminal pleading, that where the definition of an offense, whether it be common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the specifics it must descent to a particulars, **United States v. Crikshank**, 92 U.S. 542, 558, 23 L.Ed 588, 593. An indictment not framed to appraise the defendant with

reasonable certainty, of the nature of the accusation against him, and its jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, **United States v. Simmons**, 96 U.S. 360, 362, 24 L.Ed. 819, 820. In as indictment upon statute, it is not sufficient to set forth the offense in the words of a statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See, **United States v. Carll**, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements. Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the fact and circumstances as well inform the accused of the specific offense, coming under the general description with which he is charged, (an indictment that fails to state its jurisdiction nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions). For similar views see, **United States v. Hess**, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543; **Blitz v. United States**, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924; **Keck v. United States**, 172 U.S. 434, 437, 43 L.Ed. 505, 507, 19 S.Ct. 254; **Morissette v. United States**, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. **U.S. v. Petrillio**, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884,1885, 67 S.Ct. 1538. That these basic principals of fundemental fairness retain their full vitality under modern concepts of pleading and specifically under Rule 7(c) of the F.R.C.P. In this case at bar, a mere citation (such as the government used in this case) to the applicable statute does not give the defendant notice of the nature

///// - 26 Memorandum of Law with Incorporated Points and Authorities - N

of the offense.  An indictment that must rely on a statutory cita-
tion does not fully, directly, and expressly, without any uncertainty
or ambiguity set forth all the elements (such as jurisdiction)
necessary to constitute the offense intended to be punished (or to
sustain the charges).  See, **Hamling v. United States**, 418 U.S. 87,
117, 94 S.Ct. 1887, 2907-08, 41 L.Ed. 2d 590 **(1974)**.  Furthermore,
a statutory citation does not ensure that the Grand Jury has consid-
ered and found all essential elements such as (jurisdiction) of the
offense charged.  It therefore fails to satisfy the Fifth Amendment
guarantee that no person be held to answer for an infamous crime
unless of indictment of a Grand Jury.  See, **United States v. Pupo**,
841 F.2d 1235 (4th Cir. 1988) quoting, **United States v. Hooker**,
supra. at 841 F.2d 1225 (4th Cir. 1988).  As stated in **Hooker**, when
an indictment fails to include an essential element of the offense
charged, it thereby fails to charge any federal offense and convict-
ion under the indictment may not stand.  A Grand Jury in order to
make the ultimate determination, must necessarily determine, what
gives the government jurisdiction to sustain, or bring these charges.
To allow the prosecutor, or the court to make a subsequent guess as
to what was in the minds of the Grand Jury at the time they returned
the indictment would deprive the defendant of a basic protection
which guarantee of intervention of a Grand Jury was designed to se-
cure.  For a defendant could then be convicted on the basis of facts
not found by a Grand Jury or perhaps, not even presented to the
Grand Jury which indicted him such as this case now, before this
court, the jurisdiction nexus needed and required certainly was
never presented to the defendant's Grand Jury.  For similar views

///// - 27 Memorandum of Law with Incorporated Points and Authorities - N

see, **Orfield Criminal Procedure from Arrest to Appeal 243**. This underlying principal is reflected by the settled rule in the federal courts that an indictment may not be amended by resubmission to the Grand Jury unless the charge is merely a matter of form, **Ex Parte Bain**, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781; **United States v. Norris**, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424; **Stirone v. United States**, 361 U.S. 212, 4 L.Ed. 2d, 80 S.Ct. 270. If it lies within the province of a court to amend an indictment to suit its own notion of what ought to have been, when such allegation of a commerce nexus is not submitted to the Grand Jury, neither the government or court has the authority to amend an indictment to incorporate the crucial missing element. The great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime and without which the Constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed. Any other doctrine would place the rights of the citizens which were intended to be protected by this Constitutional provision, at the mercy or control of the court or prosecuting attorney; for if it be once held that the charges can be made by the consent or the order of the court in the body of the indictment as presented by the Grand Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regards to the prerequisite of an indictment, in reality no longer exists. **Ex Parte Bain**, supra (121 U.S. at 10. 13). This court must be aware that "the very purpose of the requirement that a man be indicted by a Grand Jury is to limit his jeopardy to offenses

charged by a group of his fellow citizens acting independently of either posecuting attorney or judge." See, **Stirone v. United States**, supra. (361 U.S. at 218).

## LACK OF ADMINISTRATIVE AGENCY JURISDICTION
## OVER LOCUS IN QUO

### 39.

Defense counsel was ineffective by failing to raise or challenge that no amendment to the Constitution can be found to provide for the unbridled, nationwide application of the Federal Statutory Provisions under which the Petitioner is charged.

### 40.

The Constitution for the United States created a government which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

### 41.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of the coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on high seas, raise and support an Army and Navy, and lay and collect direct taxes by apportionment, and indirect taxes

///// - 29 Memorandum of Law with Incorporated Points and Authorities - 1

by exercise, duties, or imports.

42.

This is about the extent of the legitimate jurisdiction of the
Federal United States Government.  It is only in these areas, supra,
that a "crime (or offense) against the Federal United States" can
exist, and this is so only when Congress actually passes a Law in
one of these areas.  But an act committed within a State, whether
with honest or criminal intent, cannot be made an offense against
the United States unless it has some relation to the execution of
a power of Congress, or to some matter within the jurisdiction of
the United States.  **United States v. Fox**, 95 U.S. 670, 672 (1877).
[T]he courts of the United States, merely by virtue of this grant
of judicial power, and in the absence of legislation by Congress,
have no criminal jurisdiction whatsoever.  The criminal jurisdiction
of the courts of the United States is wholly derived from the stat-
utes of the United States.  **Manchester v. Massachusetts**, 139 U.S.
240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932).
Acts of Congress, as well as the Constitution, must generally unite
to give jurisdiction to a particular court.  **United States v. Beford**,
27 Fed. Cas., pg. 91 , 103 Case No. 15, 867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving
an "offense against the United States," and nothing can be an off-
ense against the United States unless it is made so by a Congress-
ional act pursuany to the U.S. Constitution.  There is no other
source from which Congress can get authority to make law, including
the Common Law.  Thus, it has been said that, "There is no Federal

Common Law."

44.

But the better way of stating this is to say, "There are no Common Law offenses (or crimes) against the United States." <u>United States v. Britton</u>, 108 U.S. 199, 206 (1882); <u>United States v. Eaton</u>, 144 U.S. 677, 687, (1897); <u>United States v. Gradwell</u>, 243 U.S. 476, 485 (1916); <u>Donnelley v. United States</u>, 276 U.S. 505, 511 (1927); <u>Jerome v. United States</u>, 318 U.S. 101, 104 (1942); <u>Norton v. United States</u>, 92 Fed. 2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. <u>United States v. Grossman</u>, 1. Fed. 2d 941, 950-51 (1924).

45.

BY "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. Thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (federal courts) can take jurisdiction." <u>State of Pennsylvania v. The Wheeling E. Bridge Co.</u>, 13 How. (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as Libel, Drugs, Theft, Burglary, Kidnapping, Arson, Rape, Abortion, Fraud, etc.), having no relation to an enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the United States

///// - 31 Memorandum of Law with Incorporated Points and Authorities -

is that which comes from the U.S. Constitution.  These concepts were stated early on by the U.S. Supreme Court.

" In relation to crimes and punishments, the objects of the delegated
        powers of the United States are enumerated and fixed.  Congress may
provide for the punishment of counterfeiting the securities and current coin of
the United States, and may define and punish piracies and felonies committed on
the high seas, and offenses against the law of nations.  Art.  §8 but there is
no reference to a Common Law Authority.  Every power is [a] matter of definite
and positive grant; and the very powers that are granted cannot take effect until
they are exercised through the medium of law.  **The United States v. Wortall**,
2 Dall. (2 U.S. ) 384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so changed, as perhaps to make a different rule in the case seem desirable.  A principal share of the benefit expected from written constitutions would be lost if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion. [A] court of legislature which should allow a change in public sentiment to influence it in giving to a written constitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of the official oath. (28 U.S.C. §453 - 18 U.S.C. §1621) and piblic duty; and if its course could become a precedent, these instruments would be of little avail. What a court is to do, therefore, is to declare the Law as written. **T.M. Cooley. A Treaties on the Constitutional Limitations**, 5th Ed., pp. 54, 55, rather than be swayed by political ambition and the unlawful usurpation of police powers.  Chief Justice John Marshall stated:

///// - 32 Memorandum of Law with Incorporated Points and Authorities - ?

" We [Judges] have no right to decline the exercise of jurisdiction which is given, that to usurp that which is not given. The one or the other would be Treason to the Constitution". Cohens v. Virginia, U.S. 264, 404 (1821).

### 48.

The United States Code was approved by an Act of Congress on June 30, 1926 (44 Stat. Part I).  The code is assembled and revised under the supervision of "The Committee on the Judiciary of the House of Representatives."  The main work of revision is done by a subcommittee or office of this committee called "The Office of the Law Revision Counsel of the House of Representatives."  It consists of an appointed supervisor, some members of Congress, some volunteer Lawyers, and persons from West Publishing of St. Paul Minnesota.

### 49.

When the U.S. Code was first published, it never was stated to be the official laws of the United States.  Rather, it was stated that the Code was a "Restatement" of law, or was only "prima facie evidence of the laws of the United States."  On this matter the court stated:

> The United States Code was not enacted as a statute, nor can it be construed as such.  It is only a prima facie of the statement of the statute law.... If construction is necessary, recourse must be had to the original statutes themselves.  Five Flages Pig Line Co., v. Dept. of Transportation, 854, F.2d 1438, 1440 (1988); Stephan v. United States, 319 U.S. 415, 426 (1943), 44 Stat. Part 1, preface; Murrell v. Western Union Tel. Co., 160 F.2d 787, 788, (1947); United States v. Mercur Corp., 83 F.2d 178, 180 (1936).

50.

This tells us that the United States Code, as originally estab-
lished, was not on an equal plain with the "original statutes" or
the **Statutes at Large**. Thus, the Code was not **True Law**. With the
state of regular use of the U.S. Code, numerous problems arose in
that it contained mistakes, errors and inconsistencies as compared
to the Statutes at Large. Thus, in 1947, Congress enacted several
of the Titles into "positive law," such as the Act: "To codify and
enact into positive law, **Title 1 of the United States Code**," in
doing so they devised some new terminology; which is set out under
**61 Stat. 633, 638-644; 1 U.S.C. §204(a)**.

51.

Look back at the cases cited, which state that the criminal
jurisdiction of the United States exists only by Acts of Congress
pursuant to the Constitution. In the nature of a question of law,
if a federal court were asked whether the Code cited in an indict-
ment is an Act of Congress, the court could not rightfully say it
is, because the Code citation contains no Congressional enacting
for that citation as required by **61 Stat. 633, 634 §101**. If no
such enacting clause appears on the face of the law, it is not an
Acy of Congress and **no** criminal jurisdiction exists without a bona
fide Act of Congress. The argument in such a case is that the in-
dictment does not set forth a case arising under the Constitution,
as there is no Act of Congress with a duly required enacting clause.
Thus, there is no subject matter jurisdiction pursuant to the fed-
eral judicial power defined in the nature of **Article III, §2 of
the Federal Constitution**.

///// - 34 Memorandum of Law with Incorporated Points and Authorities - N

52.

No where does it say in the Code, or in the pronouncements by Congress or the Courts, that the laws in the U.S. Code are Acts of Congress.  In fact, the Code is always regarded as something diff-erent from the Statutes at Large.

But no one denies that the official source to find United States law is the Statutes at Large and the Code is only prima facie evidence of such laws.

54.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information.  If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction.  When an accused party is indicted under a not-yet-effective or unenacted statute, the charg-ing documents is void.

55.

Congress has no general power to enact police regulations oper-ative within the territorial limits of a State.  Slaughter-House Cases, 83 U.S. 36; United States v. Dewitt, 76 U.S. 41; Gibbons v. Ogden, 22 U.S. 1; and it cannot take this power from the states or attempt any supervision over the regulations of the States establish-ed under this power, Keller v. United States, 213 U.S. 138.  The exercise of the police power by a state is beyond interference by the Federal Government.  See also, People v. Godfrey, 17 Johns 225, at 233 (N.Y. 1818); United States v. Bevans, 16 (3 Wheat) 336 (1818) Adams v. United States, 319 U.S. 312 (1943), and Caha v. United

**States,** 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of mis-application.

## UNPROMULGATED REGULATORY STATUTES

56.

Defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulations (CFR) for the Federal Statutory Provisions under which the Petitioner is charged.

57.

That, defense counsel failed ab initio to raise or challenge the fact that the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Register and possess no public implementing authorities in the Federal Code of Regulations.  The Petitioner would like the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact <u>commercial regulatory statutes</u> which have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. §1505, et seq., and 5 U.S.C. §601.  Therefore, it is arguable that this court has jurisdiction to adjudicate sanctions for violations of Unpromulgated Regulatory Statutes. The  Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus these Federal Statutory Provisions <u>Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)(  ), (b)(1)(C), (b)(1)(B)(  ), and 846,</u> lack the force and effect of Law, when misapplied beyond the

parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Procedure.

58.

In **Foley Brothers v. Filardo**, 336 U.S. 281 (1949), the high court stated, "It is well established as a principal of law, that all federal legislation applies only within the territorial juris- diction of the (federal) United States unless contrary intent appears." In order for a contrary intent to be facilitated, dele- gations of authority and implementing regulations must be published in the Federal Register.

59.

Fortunately, there is a readily available method for discerning which Statute at Large, and which Statute contained within the 50 Titles of the United States Code, possess either restricted applic- ation, or general applicability to the several States and the pop- ulation at large. This method is through consulting the Parallel Tables of Authority and Rules which begin at page 709 of the 1998 **Index Volume to the Code of Federal Regulations.** Its authority is located at **1 C.F.R. §8.5(a).**

60.

The **Administrative Procedure Act,** located at <u>5 U.S.C. §§552 ET SEQ.</u>, and the Federal Register Act, located at <u>44 U.S.C. §1505 et seq.</u>, provide the means for determining which Statutes in any given Act of Congress are applicable, within federal areas, and which Statutes have "general" applicability within the territories, en- claves, and insular possessions, belonging to the Federal United

States.  At §1505(a)(1), of Title 44 of the United States Code, it is found that if a Statute is not published in the Federal Register, the application of the statutory provision is restricted to federal agencies, or persons acting in their capacity as officers, agents or employees of the federal government.

### 61.

Positive Law is the irrefutable Law of the United States of America, which has withstood the test of time.  However, when federal statutory provisions are not duly and properly promulgated in accordance with the law, then such Statutes lack the force of law, and may not be applied capriciously or arbitrarily.

### 62.

In **Hotch v. United States**, 212 F.2d 280 (9th Cir. 1954), at p.283, the court stated:

> " Under our system of law, no act is punishable as a crime unless it is specifically condemned by the Common Law or by statutory enactment of the Legilature (22 C.J.S. Crim. Law, see 17).  Therefore, the Administrative Procedure Act and the Federal Register Act must be read as a part of every Congressional delegation of authority unless specifically excepted.  Those acts require publication, irrespective of actual notice, as a prerequisite to the "issuance" of a regulation making certain acts criminal.  If certain acts have not been made crimes by duly enacted law, the knowledge of their administrative proscription cannot subject the informed person to criminal prosecution.  **While ignorance of the law is no defense, it is conversely true that a law which has not been duly enacted into positive law, is not a law general applicability and therefore, a person who does not comply with its provisions cannot be guilty of a crime."**

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957). cert. den. 78 S.CT. 144, 355 U.S. 879, the Supreme Court stated, "Contents of the Federal Register and the Code of Federal Regulations are **prima facie evidence** of the original text and are required to be judicially noted." In **Wolfson v. United States**, 492 F.2d 1386, 204 Ct. Cl. 83 (1974). "When regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby." In **Shafer v. United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931, the court stated, "The publication of a document in the Federal Register creates a rebuttable presumption of validity." **Northern States Power Co. v. Rural Electrification Administration**, 248 F. Supp 616 (1965), the court stated, "Rules by which government agency of general applicability and published in accordance with the Federal Register Act have force and effect of Statute Law and are binding on those publishing them as well as the general public until such time as they be repealed or modified. Fed. Reg. Act §1, et seq., 44 U.S. C.A. §301 et seq.

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

> " Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof incur criminal posecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the Statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other, and in the context of criminal prosecutions, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which penal con-

sequences attach under the Statute authorizing the promulgation of
the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the
court stated, "An individual cannot be prosecuted for violating the
"Act" unless he violates an implementing regulation."  See also,
**United States v. Two Hundred Thousand Dollar**, 590 F. Supp 846 (S.D.
Fla. 1984), specifically stated at 1 C.F.R. §1, "All regulations
must be published in the Federal Register to have general applic-
ability and legal effect."  Regulation published by the Secretary at
26 C.F.R. 601-702(ii), acknowledge the effect of failure to publish
by stating, "Thus for example, any such matter which imposes an ob-
ligation and which is not so published or incorporated by reference
will not adversely change or affect a persons rights."

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S.
95 (1964), that , "Under **1 U.S.C. §204(A)**, which provides that the
United States Code establishes prima facie the laws of the United
States and that when Titles of the Code are enacted into positive
law, the text thereof is legal evidence of the law contained therein,
the very meaning of 'prima facie' is that the Code cannot prevail
over the Statutes at Large when the two are inconsistent.  If con-
struction of a section of the United States Code which has not been
enacted into positive law is necessary, recourse must be had in the
Original Statutes themselves and a changed arrangement made by the
codifier without the approval of Congress should be given no weight.
**Stephan v. United States**, 319 U.S. 423 (1943); Best **Foods v. United**

States, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956); **Peart v. Motor Vessel Bering Explorer**, 373 F.Supp. 927 (1974).

67.

The provides that when implementing regulations are at variance with the statutory provisions of which are intended to promulgate that they fail to give proper notice under the due process clause of the Federal Constitution of the 'FAir Notice Doctrine', set out under **United States v. Nevers**, 7 F.3d 59 (5th Cir. 1993). Administrative regulations, in order to be valid, must also be consistent with, and not contrary to, "The statute under which they are promulgated." **United States v. Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed. 2d 48 at 56. "A regulation beyond the scope of, or in harmony with, underlying legislation is a mere nullity." Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; **Manhatton Gen. Equip. Co. v. C.I.R.**, 297 U.S., at 134, **Neel v. United States**, 266 F.Supp., at 10. To make this determination, it is necessary for the court to square the regulations against the statute that it purports to implement, comparing the sphere of authority of each. **Western Union Teleg. Co. v. F.C.C.**, 541 F.2d 346, 354 (3rd Cir. 1976) cert. den. 429 U.S. 1029 (1977). An Administrative Regulation must be reasonably related to advancing the purpose of the enabling legislation. **Morning v. Family Publications Services, Inc.**, 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity in the statute or a regulation issued thereunder is, enough to resolve doubts in favor of the defendant. **United States v. Mersky**, supra.

## FATAL DEFECTS IN THE GOVERNMENTS CHARGING INSTRUMENTS

68.

The defense counsel was ineffective by failing to raise or challenge the self-evident and self-declaring defects in the governments charging instruments.

69.

The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense. The legitimate application and charging of Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)(  ), and 846, must be connected to an alleged violation of the Federal Interstate Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing. See, United States v. Pupo, 841 F.2d 1235. The Petitioner argues that an indictment fails to apprise the accused party of what he must be prepared to defend against. Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is an essential element in appraising the Petitioner of the Grand Jury's authority to indict under Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846, See, United States v. Young, 730 F.2d at 224 (the particular predicate for jurisdiction is essential element of offense); United States v. McCray, 665 F.2d 664, 678, 679 (5th Cir. 1982). The Constitutional Rights of an accused are violated when modification, at trial or by Court of Appeals acts to broaden the charge contained in the indictment, such modifications contradict the very purpose of the Fifth Amendment Grand Jury requirement.

///// - 42 Memorandum of Law with Incorporated Points and Authorities - N

See, **United States v. Stirone**, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct.
see at 273 (expressing similar views). The failure of the govern-
ment to include in the indictment any charge that the Petitioner's
conduct affected Interstate or Intra-state, or any commerce was not
cured by the citation of the Statutes. In the sufficiency of an
indictment it is the statement of facts in the pleadings rather
than the Statutory Citation that is controlling. See, **United States
v. Wuco**, 535 F.2d 1225 (9th Cir. 1976) cert. den. 429 U.S. 978,
97 S.Ct. 488, 50 L.Ed.2d 586 (1976). It is elementary that every
ingredient of the crime must be charged in the bill, with a general
reference to the provisions of the statute being insufficient.
See, **Hale v. United States**, 89 F.2d (4th Cir.) and **United States
v. Berlin**, 472 F.2d 1002, 1007 (2nd Cir. 1973); also **United States
v. Beard**, 414 F.2d 1014, 1017 (3rd Cir.). This indictment under
**Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ),
(b)(1)(C), (b)(1)(B)( ), and 846**, fails to allege a nexus between
Petitioner's conduct and Interstate Commerce in dealing with an
indictment where no alleged commerce allegation is made. The Pet-
itioner argues this court should hold that lack of commerce alleg-
ation in the indictment, precludes it from considering whether a
conviction under **Title 18 U.S.C.§2 and Title 21 U.S.C. §§841(a)(1),
(b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846**, can be sustained
even if the government alleged and proved that the offenses had a
nexus to commerce. See, **United States v. Lopez**, at 2 F.3d 1342,
(the holding of the 5th Cir. Court of Appeals).

70.

The Federal Governments failure to establish proof of other

evidence or jurisdiction or ownership over each and every geographic location in which the alleged criminal activities took place divested the court of jurisdiction over the subject matter and mandates reversal. Where the lands were never ceced to the United States, and the locations which lie within the territorial boundaries of the states and not the Federal Government. Then the Federal Government lacks jurisdiction over any criminal activities which lie therein. Thus, the government's view that **Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846,** can be used and applied to all crimes that occur any place or in any geographic location, even though the statute lacks a commerce nexus, and the government's failure to allege any effect on commerce or other basis for jurisdiction, and not withstanding the states sovereign jurisdiction over its territory, are contrary to the Constitution of the United States. Such a position would ask that this court to infer that Congressional Laws may be converted to general police power and authority, without statutory or Constitutional support which only the States may properly possess.

71.

It is a firmly established and accepted fact that the Federal Government's power, authority, and jurisdiction does not extend beyond the boundaries and parameters of the embodiment of the Federal Government itself, i.e. "territory, lands, property owned by the Federal Government over which jurisdiction has been ceded by the state legislature." However, the Federal Government does not have

the power, nor does the Constitution grant the power to punish per-
sons for various other crimes over which jurisdiction is retained
by the States. Preventing and prosecuting such various crimes is
much the business of the States than the Federal Government. **Arizona
v. Manypenny**, 451 U.S. 232, 101 S.Ct. 1657. It is of the utmost
importance and relevance to note, retain, and embellish within the
mind that the territorial jurisdiction of the United States is limit-
ed to the Federal Enclaves. **United States v. Fessler**, 781 F.2d 384,
386 (1986). In the instant matter, the facts and offense alleged
do not conform with or meet any jurisdiction requirements described
within and in the foregoing. Thus, without proper jurisdiction of
the subject matter, any prosecution or continuation of this matter
is unlawful at its inception and duration. To bring the offenses
within the jurisdiction of the Fedral Courts, it must have been com-
mitted out of the jurisdiction of any State; it is not the offenses
committed, but rather the place in which the offense is committed.
**People v. Godfrey**, 17 Johns 225 at 233. In the doctrine of "Lex
Loci" or the "Law of the place" determines that standard of conduct
and governs as to matters within the right of action. See, **Gray v.
Blight**, 112 F.2d 696. While no one disputes the proposition that
"the Constitution created a Federal Government of limited powers,"
**Gregory v. Ascroft**, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct.
2395 (1991); and that while the Tenth Amendment makes explicit
"that the powers not delegated to the United States by the Constit-
ution nor prohibited by it to the States, are reserved to the States
respective, or to the people."

/////  - 45 Memorandum of Law with Incorporated Points and Authorities - N

72.

The argument is the division of authority between the State and Federal Government, and the Government's jurisdiction in sustaining conviction under the Federal Statutory Provisions in which the Petitioner is charged **Title 18 U.S.C. §2 and Title 21 U.S.C. §§841 (a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846**, the governments broader reading of these statutes would mark a major inroad into the domain left to the States. If a power is delegated to Congress in the Constitution (such as those enumerated), the Tenth Amendment expressly disclaims any reservation of that power to the States. If a power is an attribute of the States sovereignty (such as this one we are arguing), reserved by the Congress. See, <u>United States v. Oregon</u>, 366 U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961), <u>Case v. Bowles</u>, 327 U.S. 92, 102, 90 L.Ed. 552, 66 S.Ct. 438 (1946); <u>Oklahoma ex rel Phillips v. Guy F. Atkinson Co.</u>, 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

73.

It is in this sense that the Tenth Amendment "States but a truism that all is retained which has not been surrendered." <u>United States v. Darby</u>, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941). As Justice Story put it, "this amendment is a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution. Being an instrument of limited and enumerated powers, it follows irresistible, that what is not conferred is withheld and belongs to the States authorities." 3.j. Story Commentaries on the Constitution of the United States 752 (1833).

The argument this Petitioner brings to this court is the Federal
Government did not have jurisdiction over the geographical location
wherein the alleged prohibitive activity took place, in land, which
were never ceded to the United States, the interstate commerce ele-
ment becomes essential to establish jurisdiction and prove every
element of the offense.  Applying the rational of the Supreme Court
in **United States v. Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941,
89 L.Ed. 2d 50 (1989), and **United States v. Hooker**, 841 F.2d 1225,
like the decision in **Hooker** Petitioner maintains that the harmless
error analysis of **Mechanik**, cannot be applied here because the court
had no jurisdiction to try the Petitioner on a count which failed
to expressly allege an effect on inter or intra-state commerce.
Jurisdiction is lacking if the indictment did not allege a federal
crime, by means of a connection with Interstate Commerce.  This act-
ion by the prosecutor, would certainly deprive the Petitioner the
basic protection, which the guaranty of the intervention of a Grand
Jury was designed to secure.  For the defendant/petitioner could
then be convicted on the basis of charges not found by and perhaps
not even presented to the Grand Jury, which indicted him.  See,
**Orfield Criminal Procedure from Arrest to Appeal, 243**.  Petitioner
naw asserts his Fifth and Sixth Amendment Right of Due Process, in
arguing that he was never indicted by his Grand Jury **for effecting**
**any commerce!**  Thus, failure to present this element or state it in
the pleading of the indictment, preclude the Appellate Court from
sustaining his conviction.  For all these above reasons, Petitioner
asks this Court to look carefully to the Constitution and the cited
statutes.  Petitioner asks this Court to invoke the doctrine of

**Stare Decisis:** when a court has once laid down a priciple of law applicable to a certain state of facts it will adhere to that principle, and apply it to all future cases, where facts are substantially the same regardless of whether the parties are the same. The doctrine of Stare Decisis, provides the means by which courts assure that the law will not merely change eratically but will develop in principle and inteligible fashion; the doctrine permits society to presume that bedrock principles are found in law rather than in the proclivities of individuals, and thereby contributes to the integrity of our Constitution systems of government both in appearance and in fact. Petitioner now invokes the doctrine of **Stare Decisis** to his arguments herein; "Any departure from the doctrine of Stare Decisis demands special justification." **Arizona v. Rumsey**, 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984); also **Olson v. Kennedy**, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 S.Ct. 2083 (1982). Stevens J. concurring in judgment. **Title 18 U.S.C. §2 and Title 21 U.S.C. §§841(a)(1), (b)(1)(A)( ), (b)(1)(C), (b)(1)(B)( ), and 846**, if Congress wante these statutes to be used, outside of their territorial jurisdiction, such as anywhere or any place then it would have drafted the neede provision, which certainly would have included Interstate Commerce Nexus that is required. "Federal criminal statutes intended to be enforced within the States exceeds Congress Commerce Clause authority." To uphold the government's contention that it can bring criminal charges for crimes committed within a State is to convert Congressional authority into police power, which is only within the authority of the States. See, **United States v. Lopez**, No. 93-1260, (decided April 26, 1995). In McCullough v. Maryland, 4 Wheat. 316

///// - 48 Memorandum of Law with Incorporated Points and Authorities - N

(1819), the Federal Government had to acknowledge that it can only exercise power granted to it. The enumerated presupposes something not enumerated. See, **Gibbons, v. ogden**, supra at 195. The Constitution mandates that Congress cannot give itself plenary police powers over the State territories. Congress must operate within the framework of what the Supreme Court defines the law to be. See, **Marbury v. Madison**, 1 Cranch 137.

74.

That, defense counsel failed at the sentencing of the Petitioner to raise or challenge that **§3551 of Title 18** applies only to those who according to the language of the statute, supra had been found guilty of any offense described in the Federal Statute...other than an Act of Congress applicable exclusively in the District of Columbia. Acts of Congress (Federal Law) are defined and circumscribed under Rule 54(c) Federal Rules of Criminal Procedure. Implementing regulations for **18 U.S.C. §3551** are at variance with their application in the instant cause. Where the instant matter is concerned, the accused committed no violation of any properly enacted and duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulation for the Federal Sentencing Provisions, thus, the Sentencing Provisions set out under **18 U.S.C. §3551** do not apply to the accused. By consulting the **Parallel Tables of Authorities and Rules 1997 Ed. at page 733**, it is found that the implementing regulation for **18 U.S.C. §3551** are set out under 43 C.F.R. 9260-public lands, Alaska, 36 C.F.R. 242-subsistence management regulations for public lands Alaska, and 50 C.F.R. 100, (same as 36 C.F.R.

242). Where the instant matter is concerned the accused committed
no violation of any properly enacted and/or duly promulgated federal
law within the legislative jurisdiction of the Federal United States,
nor within the parameters defined under the implementing regulations
provisions, thus, the sentencing provisions set out under **18 U.S.C.
§3551** do not apply to the accused.

75.

The court will find that the statutory provisions under which
the U.S. District Court imposed the sentence against the accused
(**18 U.S.C. §3551**) apply not to the Acts of Congress, which are app-
licable only in the District of Columbia. See, **Rule 54(c)**.

76.

It may further be shown that the statutory provision. **18 U.S.C.
§3551**, is at variance with its published implementing, thereby creat-
ing ambiguity as to its lawful authority and applicability over the
accused.

77.

An invalid, unconstitutional, or non-existent statute affects
the validity of the "charging document," that is, the complaint, in-
dictment or information. If these documents are void or fatally de-
fective, there is no subject matter jurisdiction since they are the
basis of the court's jurisdiction; when an accused party is indicted
under a not yet effective or unenacted statute, the charging document
is void.

78.

The indictment or complaint can be invalid if it is not

///// - 50 Memorandum of Law with Incorporated Points and Authorities - N

constructed in the particular mode or form prescribed by the Const-
itution or Statute (42 C.J.S., 'Indictments and Information,' §1
p.833). But it also can be defective and void when it charges a
violation of a law, and that law is void, unconstitutional, unenact-
ed, or mis-applied. If the charging document is void, the subject
matter of a court does not exist. The want of a sufficient affid-
avit, complaint, or information goes to the jurisdiction of the court,
and renders all proceedings prior to the filing of a proper instru-
ment void ab initio. 22 Corpus Juris Secundum, "Criminal Law,"
§324, p.390.

79.

One way in which a complaint, or indictment fails to charge a
crime, is by its failure to have the charge based upon a valid or
duly enacted law. Complaints or indictments which cite invalid laws,
or incomplete law, or non-existent law are regarded as being invalid
on their case, thus fatally defective.

80.

The crux then of this whole issue of jurisdiction revolves
around law, that is, the law claimed to be violated. If one is sub-
ject to a law, they are then under the jurisdiction of some author-
ity. If a crime is alleged but there is no law to form the basis
of that crime, there is no jurisdiction to try and sentence one even
though they are subject to the legislative body and the court.
There has to be a law, a valid law, for subject matter jurisdiction
to exist. Laws which lack an enacting clause are not laws of the
legislative body to which we are constitutionally subject. Thus,

if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law cited. If it cites no valid law then the complaint charges no crime, and the court has no subject matter jurisdiction to try the accused party.

> [N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable...and without any force or effect whatever. **Hooker v. Boles**, 346 F.2d 285, 286 (1965).

81.

A judge or court may be in a legal sense immune from any claims that it is guilty of wrong because of its improper exercise of jurisdiction. However, it has no such protection where it lacks jurisdiction and the issue has been raised and asserted. When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation. Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity. 22 Corpus Juris Secundum, "Criminal Law," §150 p.183. The excessive exercise of authority has reference to want of power over the subject matter, the result is void when challenged directly or collaterally. If it has reference merely to the judicial method of the exercise of power, the result is binding upon the parties to the litigation till reversed. The former is usurpation; the latter error in judgment. **Voorhees v. The Bank of the United States**, 35 U.S. 449, 474-75 (1836), the line which separates error in judgment from the usurpation of power is very definite.

82.

This Honorable Court must be compelled to find as a Matter of Law, that the Petitioner is in custody and detained of his Liberty

in violation of the Constitution of the United States of America, where the foregoing and the court's own record support that the Federal Government lacked Federal Legislative jurisdiction over the locus in quo, whereon the purported prohibitive acts were committed; and,

83.

That the government lacked Federal Subject Matter jurisdiction where no prohibitive acts or conduct of the Petitioner moved beyond the borders of the sovereign state, nor was the Petitioner indicted via the governments charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus, the Federal Government **lacked Federal Subject Matter jurisdiction**, a sine qua non to federal prosecution of the offense alleged against the Petitioner.

CONCLUSION

84.

Where the instant cause is concerned, the Federal Statutory Provisions under which the Petitioner is imprisoned and detained of his LIBERTY, have not been promulgated by Congress in the Federal Register (44 U.S.C. §1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found an Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Statutory Provisions.

85.

The Constitution of the United States of America, provides that it is only the Congress of the United States who has the authority to create and enact Federal Laws.

///// - 53 Memorandum of Law with Incorporated Points and Authorities - N

86.

The Statutory Provisions under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section falls under **62 Statutes at Large,** which have not been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulations.

87.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the accused party is charged.

88.

The undersigned committed no violations of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal Subject Matter jurisdiction.

89.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geographical location not within the Legislative, Territorial or Admiralty jurisdiction of the Federal Government.

WHEREFORE, the court should be compelled to find as a Matter of Law that the Petitioner committed no alleged prohibitive acts within the Legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute, therefore the Petitioner is unlawfully

///// - 54 Memorandum of Law with Incorporated Points and Authorities - N

incarcerated and detained in violation of his secured Constitutional Rights by way of Judgment of the Court in want of jurisdiction, and the denial of the affective assistance of counsel. ThePetitioner must therefore, by law, be released and discharged form Federal custody forthwith.

Dated: ___Nov 15___, 2007.                    Respectfully submitted
                                               by:

                                               *Lawrence William*
                                               Lawrence Williams

                                               *Laurie Williams*

G
08-681
HHK

**JS-44**
(Rev.1/05 DC)

## CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Lawrence Williams

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **98888**
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se pr

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 25599-013

**DEFENDANTS**

Alberto Gonzales, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00681
Assigned To : Kennedy, Henry H.
Assign. Date : 4/17/2008
Description: Habeas Corpus/2255

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZEN**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)