UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE WILLIAMS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | Civil Action 08-00681 (HHK) |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, Attorney | ) | |
| General, et al., | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |

MOTION FOR AN ORDER CONSTRUING DEFENDANT'S PETITION AS A
MOTION UNDER 28 U.S.C. § 2255, AND TRANSFERRING SAME TO THE
UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

The Respondents, by and through their attorney, the United States Attorney for the District

of Columbia, move for an order construing defendant's Petition For Common Law Writ Of Habeas

Corpus ("Petition") and his Application For Writ Of Habeas Corpus ("Application") as a motion

under 28 U.S.C. § 2255, and transferring the same to the United States Court of Appeals for the

Tenth Circuit for a determination, 28 U.S.C. § 2255(h), as to whether it may be filed in the District

of Colorado.

BACKGROUND

In 1995, defendant was convicted in the United States District Court for the District of

Colorado of conspiracy to distribute cocaine, and possession and distribution of cocaine, in violation

of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(iii).  He  was sentenced to 360 months and

240 months of incarceration, respectively, to run concurrently.  United States v. Williams,  No. 96-

1056, 127 F.3d 1110, *1 (10th Cir. Oct. 17, 1997); Petition at 1.  The Tenth Circuit affirmed on direct

appeal.  Williams, 127 F.3d 1110,  *6.  Defendant then filed a § 2255 motion in the same district

court, raising claims of ineffective assistance of counsel, which was denied on the merits.  See

United States v. Williams, No. 99-1451, 211 F.3d 1279, *1-*3 (10th Cir. May 1, 2000).  On May 1,

2000, the Tenth Circuit affirmed.  Id.  Thereafter, defendant filed another § 2255 motion, in the same

district court, which was transferred to the Tenth Circuit on August 27, 2004.  Docket Sheet in No.

94-CR-0254-RPM-2 (excerpt attached hereto) (Item 619).[1]  On April 17, 2008, defendant filed his

Petition and Application in this Court.

<u>ARGUMENT</u>

THE COURT SHOULD RECHARACTERIZE DEFENDANT'S PETITION AND
APPLICATION AS A § 2255 MOTION, TO BE TRANSFERRED TO THE TENTH
CIRCUIT FOR A CERTIFICATION DETERMINATION.

The Court should construe defendant's Petition and Application as a § 2255 motion, and

transfer the same to the Tenth Circuit for a determination per § 2255(h) as to whether it should be

filed.

A.  <u>Applicable Principles</u>

The caption of a pleading does not determine the nature of the relief sought; federal courts

may recharacterize the filing as need be.  <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003)

("[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and

recharacterize [it] . . . to place it within a different legal category"); <u>McLean v. United States</u>, No.

90-318, 2006 WL 543999, *1 (D.D.C. Mar. 3, 2006) (court must determine proper characterization

of filing by nature of relief sought).

---

[1]    Defendant represents that he has filed § 2255 motions on October 20, 1997; August
31, 1999; and August 9, 2004 (Petition at 3).

2

Further, under § 2255, a second or successive § 2255 motion:

must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain –

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h).  See also 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Finally, under 28 U.S.C. § 1631:

Whenever a civil action is filed in a [district court of the United States, or other specified court] . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . .

B.  Discussion

Defendant challenges the legality of his sentence, not the manner of its execution (Application at 2) ("defense counsel rendered ineffective assistance").  Therefore, the Court should construe the Petition and Application as a § 2255 motion.  Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) ("claims . . . by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under . . . § 2555"); Perkins v. Henderson, 881 F. Supp.  55, 59 n.4 (D.D.C. 1995) ("§ 2255 will lie only to attack the imposition of a sentence [while] . . . an attack on the execution thereof may be accomplished only by way of habeas corpus").

3

Further, a § 2255 motion is considered "second or successive" if a prior such motion, raising claims regarding the same conviction or sentence, has been denied on the merits. <u>Minicone v. United States</u>, No. 01-CV-1969, 2002 WL 418031, *1 (N.D.N.Y. Mar. 12, 2003) (citing <u>Martinez-Villareal</u>, 523 U.S. 637, 644-45 (1998)). Defendant has filed previously at least two § 2255 motions, at least one of which has been denied on the merits (<u>supra</u>, pp.1-2).[2] Therefore, his present § 2255 motion is "second or successive," and subject to the certification requirements of §§ 2255(h) and 2244.[3] <u>In re Smith</u>, 285 F.3d 6, 7 (D.C. Cir. 2002) (court considers "whether an application for authorization to file a second § 2255 motion in the district court makes a prima facie showing that the petitioner is entitled to relief") (citing §§ 2255 & 2244(b)(3)(A)-(D)); <u>Levert v. United States</u>, No. 07-14254, 2008 WL 2350975, *1 (11th Cir. June 10, 2008) (citing §§ 2255(h) & 2244(b)(3)(A)); <u>McLean</u>, 2006 WL 543999, *3 (D.D.C. 2006) ("[w]hen a petitioner seeks to file a second or successive § 2255 motion in the court that imposed the sentence, he must first obtain certification from the appropriate Court of Appeals") (citing §§ 2244(b)(3) & 2255).

In addition, a district court lacks jurisdiction to entertain a second or successive § 2255 motion in the absence of certification from the appropriate court of appeals. <u>United States v. Barnes</u>, No. 98-3144, 1999 WL 229018, *1 (D.C. Cir. Mar. 31, 1999) (district court "lacks authority" to hear second or successive § 2255 motion absent certification from court of appeals); <u>United States v. Levi</u>, No. 97-3052, 1997 WL 529069, *1 (D.C. Cir. July 29, 1997) ("[i]n the absence of a

---

[2]    According to defendant, he has previously filed three such motions (Petition at 2).

[3]    Under these circumstances, the Court is not required to notify defendant prior to recharacterizing his petition as a § 2255 motion. <u>Embrey v. Bush</u>, No. Civ 05-2022 (RCL), 2006 WL 2466809, *2 n.2 (D.D.C. Aug. 24, 2006) (notification requirements not applicable "where the court is recharacterizing a pleading as a second or successive § 2255 motion"); <u>see also</u> <u>McLean v. United States</u>, No. CR-90-0318-01 (TFH), 2006 WL 543999, *2 (D.D.C. Mar. 3, 2006) (same).

certification from this court, the district court lacked jurisdiction to entertain" defendant's motions for collateral relief).

Accordingly, the Court should transfer defendant's motion, under § 1631, to the U.S. Court of Appeals for the Tenth Circuit so that it may determine whether to authorize its filing in the District of Colorado. <u>Coleman v. United States</u>, 106 F.3d 339, 340-41 (10th Cir. 1997) (district court should transfer second or successive § 2255 motion, pursuant to § 1631, to appropriate court of appeals for certification); <u>Sims</u>, 111 F.3d at 47 (same); <u>Liriano v. United States</u>, 95 F.3d 119, 123

(2d Cir. 1996) (same); <u>Embrey v. Bush</u>, No. Civ. 05-2022 (RCL), 2006 WL 2466809, *3 (D.D.C.

Aug. 24, 2006) (same).[4]  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
(D.C. Bar No. 498-610)
United States Attorney

JOHN P. MANNARINO
(D.C. Bar No. 444-384)
Chief, Special Proceedings Division

 /s/ Thomas S. Rees
THOMAS S. REES
(D.C. Bar No. 358-962)
Assistant United States Attorneys
Special Proceedings Division
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-4882
Thomas.S.Rees@doj.gov

---

[4]       In three unpublished opinions, <u>Embrey</u> notes, the D.C. Circuit has found that in the absence of certification by a court of appeals, transfer of a § 2255 motion to the proper jurisdiction is not in the interest of justice. <u>Embrey</u>, 2006 WL 2455809, *3 (citing, <u>e.g.</u>, <u>Aviles v. United States</u>, No. 00-5069, 2000 WL 628224, *1 (D.C. Cir. Apr. 25, 2000)).  The district judge in <u>Embrey</u> concluded, however, that he was not bound by these unpublished opinions.  He granted the government's motion to transfer because "it would be a waste of judicial resources to dismiss this case and require petitioner" to re-file his § 2255 motion "in the proper jurisdiction," inasmuch as the courts in the transferee jurisdiction were "already familiar" with the issues presented.  <u>Id.</u> Similarly, because courts in the Tenth Circuit should be familiar with defendant's case, the Court should follow <u>Embrey</u>, and transfer it to the Tenth Circuit.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of June, 2008, the foregoing motion and proposed order were served on petitioner, <u>pro se</u>, first-class postage prepaid, as follows:

> Lawrence Williams
> # 25599-013
> FCI Fort Worth
> P.O. Box 15330
> Fort Worth, TX 76119
>
> <u>/s/ Thomas S. Rees</u>
> THOMAS S. REES
> ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE WILLIAMS, )<br>)<br> Petitioner )<br> )<br> v. )<br> )<br>ALBERTO GONZALES, Attorney )<br>General, <u>et</u> <u>al.</u>, )<br> )<br> Respondents )<br>_____) | Civil Action 08-00681 (HHK) |

<u>ORDER</u>

Upon consideration of the Respondents' Motion For An Order Construing Defendant's Petition As A Motion Under 28 U.S.C. § 2255, And Transferring Same To the United States Court of Appeals For The Tenth Circuit, and it appearing to the Court that the defendant's Petition For Common Law Writ Of Habeas Corpus and his Application For Writ Of Habeas Corpus, filed April 17, 2008, should be so construed and transferred, it is this _____ day of _____, 2008, hereby

ORDERED that the Respondents' Motion For An Order Construing Defendant's Petition As A Motion Under 28 U.S.C. § 2255, And Transferring Same To the United States Court of Appeals For The Tenth Circuit is GRANTED.  And it is further

ORDERED that defendant's Petition For A Writ Of Common Law Habeas Corpus and Application For Writ Of Habeas Corpus shall be and is hereby construed as a motion under 28 U.S.C. § 2255, and it is further

ORDERED that defendant's motion under 28 U.S.C. § 2255 is hereby transferred to the

United States Court of Appeals for the Tenth Circuit for a determination as to whether defendant's

motion should be certified for filing in the United States District Court for the District of Colorado.

See 28 U.S.C. § 2255(h).


_____

 Henry H. Kennedy, Jr.
United States District Judge



Copies to:

Lawrence Williams
# 25599-013
FCI Fort Worth
P.O. Box 15330
Fort Worth, TX 76119

Thomas S. Rees
United States Attorney's Office
Special Proceedings Division
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530