UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>                Petitioner,<br><br>       v.<br><br>ALBERTO GONZALES, Attorney General, et al.,<br><br>                Respondents. | Civil Action 08-00681 (HHK) |

**MEMORANDUM OPINION**

      Petitioner Lawrence Williams ("Williams"), a federal inmate proceeding pro se, filed a petition for writ of habeas corpus with this court. Before the court is respondents' motion for an order construing Williams' motion as one under 28 U.S.C. § 2255 and transferring the case to the United States Court of Appeals for the Tenth Circuit. For the reasons stated below, the court concludes that the motion should be granted.

**I. BACKGROUND**

      In 1995, Williams was convicted in the United States Court for the District of Colorado of conspiracy to distribute cocaine, and possession and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(iii). *United States v. Williams et al.*, No. 94-00254 (D. Colo. Oct. 20, 1994). He was sentenced to 360 months and 240 months of incarceration, respectively, to run concurrently. *Id*. The Tenth Circuit affirmed the sentence. *United States v. Williams*, Nos. 96-1056, 96-1075, 1997 WL 642076, at *6 (10th Cir. Oct. 17, 1997) (unpublished).

Williams then filed a 28 U.S.C. § 2255 motion in the District Court of Colorado claiming that he had been provided ineffective assistance of counsel. *See United States v. Williams*, No. 99-1451, 2000 WL 517930, at *1-3 (10th Cir. May 1, 2000). The motion was denied by the district court, and the decision was affirmed by the Tenth Circuit. *Id*. Williams later filed another § 2255 motion in the District Court of Colorado. *Williams v. United States*, No. 04-1635 (D. Colo. filed Aug. 9, 2004). This motion was transferred to the Tenth Circuit on August 27, 2004 and was denied on November 12, 2004. *Williams v. United States*, No. 04-1380 (10th Cir. Nov. 12, 2004). On April 17, 2008, Williams filed the instant action.

## II. DISCUSSION

The Court is not bound by a pro se litigant's characterization of his cause of action. Rather a court must determine the proper characterization of a filing by the nature of the relief sought, *McLean v. United States*, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006), in order "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003). Therefore, a motion functionally equivalent to a 28 U.S.C. § 2255 motion should be construed as such, regardless of the caption on the pleading. *United States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir. 2002).

A motion brought under § 2255 challenges the constitutionality or legality of the prisoner's conviction or sentence, or offers new legal arguments or additional evidence.[1] While

---

[1] 28 U.S.C. § 2255(a) reads: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Williams titles his filing a "petition for a writ of habeas corpus," his motion challenges the legality of his sentence. He asserts that he had ineffective assistance of counsel, the District Court did not have jurisdiction over him, and the law under which he was charged is unconstitutional. Each of these grounds for the relief sought by Williams are properly asserted in a § 2255 motion. Therefore, Williams' filing is properly construed as a motion under § 2255 even though he does not characterize it as such.[2]

This court must next determine whether it has jurisdiction over this motion as recharacterized. A district court does not have jurisdiction over a defendant's "second or successive" motion under § 2255 unless the appropriate court of appeals certifies the filing of the motion. *United States v. Akers*, 519 F. Supp. 2d 94, 96 (D.D.C. 2007); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). A district court which lacks jurisdiction over a successive § 2255 motion may, pursuant to 28 U.S.C. § 1631, transfer the motion to the court of appeals to receive certification. *Akers*, 519 F. Supp. at 96.

---

[2] "Although the Supreme Court in *Castro* held that a court cannot recharacterize a pro se motion as an initial § 2255 motion without first notifying the movant and allowing the movant to withdraw or amend the pleading, this Court need not do the same for a second or successive motion." *United States v. Akers*, 519 F. Supp. 2d 94, 96 n.3 (D.D.C. 2007) (citing *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005)).

A Section 2255 motion must be made in the sentencing court. *Moore v. Smith*, 186 Fed. Appx. 8 (D.C. Cir. 2006) (per curiam).[3] Williams was sentenced in the District Court for the District of Colorado. Williams has already filed more than one § 2255 motion in the District Court of Colorado and in the Tenth Circuit. Therefore, pursuant to 28 U.S.C. § 1631, the Court will transfer Williams' motion, which is now recharacterized as a § 2255 motion, to the Tenth Circuit for authorization under 28 U.S.C. § 2244.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion for an order to construe Williams' petition as a motion under 28 U.S.C. § 2255 and to transfer Williams' motion to the Court of Appeals for the Tenth Circuit for it to determine whether to authorize Williams to file his motion. A separate order accompanies this Memorandum Opinion.

---

[3] An exception to this rule is if the remedy in the sentencing court is "inadequate or ineffective." 28 U.S.C. § 2255 ¶ 5. The fact that Williams' prior motions were unsuccessful in the District of Colorado and the Tenth Circuit does not render his § 2255 remedy inadequate or ineffective. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (collecting cases).

4